# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:08-CV-00361-GCM

| | |
|---|---|
| MARIE TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NOVARTIS PHARMACEUTICALS CORP., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon Defendant's Motion to Exclude Expert Testimony of Dr. Robert Marx, D.D.S. [D.I. 39]. Plaintiff Marie Talley ("Talley") plans to offer Dr. Robert Marx, D.D.S., an oral surgeon, as an expert to testify about bisphosphonate-induced osteonecrosis of the jaw ("BIONJ"), Plaintiff's alleged injury. Novartis Pharmaceuticals Corporation's Memorandum of Law in Support of Daubert Motion to Exclude Expert Testimony of Plaintiff's Expert Robert Marx, D.D.S. at 1, *Marie Talley v. Novartis Pharmaceuticals Corporation*, No. 3:08-cv-00361 (Mar. 15, 2011), ECF No. 39 [hereinafter *Def.'s Mem.*]. On February 8, 2011, this Court entered an Order allowing *Daubert* motions only for "any physician not dealt with at the Multi-District Panel..." Order, *Marie Talley v. Novartis Pharmaceuticals Corporation*, No. 3:08-cv-00361 (Feb. 8, 2011), ECF No. 49. Although the U.S. District Court for the Middle District of Tennessee made a litigation-wide ruling allowing certain aspects of Dr. Marx's testimony, and concluding that at least parts of his testimony were admissible under *Daubert*, the issues presented by Defendant in this case were not part of that ruling, and are

1

therefore ripe for this Court. *See* Order at 4, *In re: Aredia & Zometa Prod's Liab. Litig.*, No. 3:06-MD-1760 (Aug. 13, 2009), ECF No. 2814 (finding Dr. Marx's testimony admissible under *Daubert*, with the exception of his "bad faith" opinions and his opinions about clinical trials, which the MDL court did not consider and found to be moot for the purposes of the MDL motion).

Plaintiff proposes that Dr. Marx give his opinion that Novartis acted in "bad faith," assert his opinion that some of the participants in the clinical trials for Aredia and Zometa had BIONJ, and criticize the design and the implementation of the clinical trials. Def.'s Mem. at 1. Defendant Novartis Pharmaceuticals Corporation ("Novartis") filed a motion to exclude Dr. Marx's expert testimony, alleging his testimony should be precluded under both *Daubert* and Federal Rule of Evidence 702 for three reasons. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). First, Defendant argues Dr. Marx should not be allowed to offer his opinion that Novartis acted in "bad faith" because courts have held experts cannot testify about intent or motives because those opinions are to be formed by the jury. *See In re Rezulin Prods. Liab. Litig.*, 309 F.Supp. 2d 531, 541, 547, 554 (S.D.N.Y. 2004) (holding "[i]nferences about the intent or motives of parties or others lie outside the bounds of expert testimony"). Second, Defendant contends Dr. Marx's testimony about whether certain patients in the clinical trials of Aredia and Zometa had BIONJ should be excluded because his diagnoses are actually *post hoc* diagnoses since the information necessary to make them was unavailable at the time of the clinical trials. Def.'s Mem. at 5. Finally, Defendant claims the Court should exclude Dr. Marx's criticism of the clinical trials conducted by Novartis because Dr. Marx does not have the expertise to analyze or criticize the clinical trials and because he should not be allowed to offer opinions in hindsight. Def.'s Mem. at 5; *see also Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 319

(7 th Cir. 1996) (stating "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process").

Following a hearing on June 20, 2011 and a review of the record, the Court finds Dr. Robert Marx is qualified as an expert and will be allowed to testify at trial. Dr. Marx will be allowed to testify in a limited capacity, as set out below and as further determined at trial. Dr. Marx will not be permitted to testify about Novartis' alleged "bad faith," nor will he be permitted to criticize the design or the conduct of the clinical trials Novartis conducted for Aredia and Zometa. At the hearing held on the matter, Plaintiff's counsel informed the Court that Plaintiff did not intend to question Dr. Marx about those two subjects. The Court reserves judgment on whether Dr. Marx will be allowed to testify as to whether certain patients in the clinical trial had BIONJ. The Court will make this determination at trial pending admission of certain evidence.

**SO ORDERED**.

Signed: June 27, 2011

Graham C. Mullen
United States District Judge