UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CV-00361

MARIE TALLEY,

    Plaintiff,

v().

NOVARTIS PHARMACEUTICALS
CORPORATION

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Precluding Plaintiff's Demand for Punitive Damages [D.I. 80] and Defendant's Response in Opposition [D.I. 81]. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.  Procedural History

On June 20, 2011, the Court conducted a *Daubert* hearing regarding one of Plaintiff Marie Talley's ("Plaintiff") expert witnesses. During that hearing and in preparation for the next day's hearing on Defendant's Motion to Preclude Punitive Damages, counsel for the Plaintiff stated:

> [A]t the risk of giving you a shortcut, we're not – if you find New Jersey law applies, we're going to walk away from the punitive damage claim. We don't have that kind of evidence, and I just want to tell the court that up front.

D.I. 80, Attachment 1, Ex. A, Transcript, at 142.

1

The following day, the Court held a motion hearing on Novartis Pharmaceutical Corporation's ("Defendant" and "Novartis") Motion to Preclude Punitive Damages. [D.I. 46]. The parties presented arguments on whether the Tennessee choice of law standard directed the Court to apply North Carolina or New Jersey law to the issue of punitive damages. Based on the arguments at the punitive damages hearing and on the parties' briefing, the Court determined that New Jersey law applied to the issue of punitive damages and granted Defendant's Motion to Preclude Plaintiff's Demand for Punitive Damages. [D.I. 77], "Order," June 28, 2011, at 1. In granting Defendant's motion, the Court did not determine whether punitive damages were available under New Jersey law because of Plaintiff's representation that they would not pursue punitive damages if New Jersey law were found to apply. Id. at 7–8.

The day before the Court entered its Order on the application of New Jersey to punitive damages, Judge Spatt of the Eastern District of New York decided a motion in Forman v. Novartis Pharms. Corp., dealing with whether punitive damages were available under New Jersey law. No. 09-CV-4678, 2011 WL 2559386 (E.D.N.Y. June 27, 2011). In a departure from many New Jersey state cases, Forman held that the punitive damage exception to N.J. STAT. ANN. § 2A:58C-5(c) was not preempted by the Food, Drug, and Cosmetics Act, 21 U.S.C. §§ 301, *et seq* ("FDCA") and that punitive damages may be available under New Jersey law to the plaintiff in that case. 2011 WL 2559386, at *12 (2006). Forman declined to follow McDarby v. Merck & Co., 401 N.J. Super. 10, 949 A.2d 223 (N.J. App. Div. 2008), the standing New Jersey precedent on the issue of punitive damages for FDA approved products. Therefore, Plaintiff claims that there has been an intervening change in the law and has filed the present Motion for Reconsideration asking the Court to reconsider both the application of New Jersey law to punitive damages and whether punitive damages are available to the Plaintiff under New Jersey

2

law.

## II. Analysis

"Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Na. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)). There are only three grounds upon which reconsideration may be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Id. (referencing E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Systems, 116 F.3d 110, 112 (4th Cir. 1997)). Because Forman is not a change in the controlling law, Plaintiff has failed to provide any new evidence, and Plaintiff has not shown clear error, reconsideration is inappropriate here.

Federal courts "should respond conservatively when asked to discern governing principles of state law." Rhodes v. E.I. du Pont de Nemours and Co., 636 F.3d 88, 96 (4th Cir. 2011). District courts are obligated follow state courts in resolving questions of state law. See Teague v. Bakker, 35 F.3d 978, 991 (4th Cir. 1994). District court opinions, particularly those from sister circuits, are persuasive authority and not controlling law. See McKinney v. Bd. of Trs. of Md. Comty. Coll., 955 F.2d 924, 927 (4th Cir. 1992).

The crux of Plaintiff's Motion for Reconsideration is the recent decision, Forman v. Novartis Pharms. Corp. D.I. 80, Memorandum in Support, at 3. However, as a district court decision, Forman is a change in persuasive, not controlling, law. Forman disagrees with the reasoning in the controlling New Jersey case law, McDarby v Merck & Co., but Plaintiff has not shown any evidence of a change within the New Jersey courts away from McDarby.

Additionally, as Defendant correctly notes, Plaintiff could have argued in its original

3

brief, as Forman did, that based on Desiano v. Warner-Lambert & Co., 465 F.3d 85 (2nd Cir. 2007), Buckman Co. v. Plaintiff's Legal Comm., 531 U.S. 341 (2001), and Wyeth v. Levine, 555 U.S. 555 (2009), fraud was a gateway issue and therefore not preempted by the FDCA. However, Plaintiff instead conceded that McDarby was the governing case and represented to the Court that Plaintiff did not have evidence to proceed under the New Jersey pharmaceutical punitive damages requirement. Memorandum in Support at 2. A motion for reconsideration is not a chance for parties to adopt a new litigation strategy that has recently proven successful elsewhere. See Goettee v. C.I.R., 192 Fed.App'x. 212, 221 (4th Cir. 2006) (comparing Tax Court standards to FED. R. CIV. P. 59); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Furthermore, Plaintiff has presented no additional evidence which was unavailable prior to the Court's Order. Plaintiff asserts that during the *Daubert* hearing, Plaintiff admitted only that there was no evidence that the FDA had discovered fraud, not that there was no evidence of fraud by Novartis. Memorandum in Support, at 3. Plaintiff asserts that they have evidence that the FDA was defrauded by Novartis and that since the law has changed, this evidence will allow them to pursue punitive damages under New Jersey law. Memorandum in Support, at 2. Yet, presumably, as discovery has closed and the parties represented to the Court that no additional discovery would be needed if the Court were to allow Plaintiff to move forward on a punitive damages claim, the evidence to which Plaintiff refers is not new evidence. Finally, Plaintiff has not shown that this Court's order was in clear error. Plaintiff puts forth no new authority for its argument that North Carolina law should apply, nor does the conflict between Judge Spatt's opinion and that of the New Jersey courts show anything but a complex issue of law upon which there are differing opinions.

4

### III. Conclusion

Plaintiff's arguments may have been considered prior to the Court's Order, but Plaintiff has not shown a change in the controlling law, presented additional evidence, or uncovered any clear error by the Court. The Court therefore declines to take the extraordinary step of granting reconsideration. For the reasons stated in the June 28th Order, Plaintiff's punitive damages claim is governed by New Jersey law, and Plaintiff is thereby precluded from seeking punitive damages. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED.**

**SO ORDERED.**

Signed: August 11, 2011

Graham C. Mullen
United States District Judge