**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Civil Action No. 3:08-CV-00361-GCM

| | |
|---|---|
| MARIE TALLEY, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NOVARTIS PHARMACEUTICALS )<br>CORPORATION, )<br>)<br>**Defendant.** )<br>) | **STIPULATION AND AGREED ORDER ON CERTAIN MOTIONS IN LIMINE AND OTHER EVIDENTIARY ISSUES** |

Plaintiff Marie Talley ("Plaintiff") and Defendant Novartis Pharmaceuticals Corporation ("NPC") [hereinafter the "Parties"], hereby stipulate and agree to an order on the following evidentiary items. Both parties shall be precluded from introducing evidence or making argument to support each of the following:

    a. That a verdict for Plaintiff will have any effect, positive or negative, on pharmaceutical companies' incentive/ability to develop new medications.

    b. That any award of damages in this case will have any effect, positive or negative, on the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any effect, positive or negative, on the medical, or health products available to individuals or industries in the United States or worldwide.

    c. That this case or other Aredia/Zometa product liability cases may have any effect, positive or negative, on the stock value of Novartis or any other publicly traded pharmaceutical manufacturer, or have any effect, positive or negative, on Novartis's employees.

    d. That this case or any other Aredia/Zometa products liability case may have any effect, positive or negative, on the cost of purchasing or maintaining insurance.

    e. That Plaintiff or Novartis has had unrelated, prior, or subsequent claims, suits or settlements or the amounts thereof.

    f. How, when, or in what circumstances Plaintiff or Novartis chose or employed any of their attorneys or how many lawyers have been employed.

g. The date or circumstances on which Plaintiff or Novartis employed attorneys, the name of any other lawyer retained or consulted by the parties, whether or not such lawyers were the original attorneys of record, whether such lawyer or any other lawyer referred them to the undersigned attorneys, whether counsel represents other individuals in other related matters, and the number of lawyers present at any of meetings or court proceedings.

h. Current or former ownership interest by any attorney, witness, or member of Plaintiff's family, in Novartis.

i. The financial status or resources of any of the attorneys or their law firms, or any of those attorneys' other business or cases.

j. Any settlement offered or demanded by the parties to this lawsuit.

k. That Plaintiff or Novartis is covered by some form of insurance for the incident in question.

l. The effect of any judgment for Plaintiff upon Novartis's insurance rates, premiums, finances, or any ability of Novartis to conduct business in the future.

m. That any recovery the Plaintiff may receive in this case in the way of damages awarded by a jury verdict is or is not subject to prejudgment interest, judgment interest, or income tax.

n. That any recovery the Plaintiff may receive in this case will be increased or decreased by operation of law.

o. The existence or non-existence of a purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases.

p. That any of the attorneys in this case typically represent plaintiffs or defendants, or utilized any particular type of fee arrangement or arrangement for payment of expenses in connection with this litigation.

q. The effect, positive or negative, of any judgment in this case on the North Carolina or United States economy or employment situation.

r. That any witness or lawyer for any party or family member thereof has used Aredia/Zometa, or any other type of bisphosphonate.

s. That state warning defect or failure-to-warn laws have any effect, positive or negative, on drug manufacturers adding warnings to drug labels.

t. That state tort law has any effect, positive or negative, on the FDA-approved warnings.

u. That state products liability law has any effect, positive or negative, on FDA's mission.

v. That the case implicates in any way what does or does not happen in other states.

w. That state law should or should not be preempted in the public interest.

x. Reference to "good works" or philanthropy on the part of any party including Plaintiff, her experts, her fact witnesses, and her family members as well as Novartis, its experts, its fact witnesses, and its employees.

y. Reference to the income or financial status of Plaintiff or Novartis.

z. The conduct of this litigation prior to trial, including references concerning the conduct of the parties or conflicts that have arisen during the discovery period.

aa. Any characterization of the locations of the attorneys' offices or where the attorneys reside, or any reference to the size of the attorneys' firms or the nature of the attorneys' practices, the identity or characteristics of the attorneys' other clients, the use of jury consultants, or the financial resources of trial counsel.

bb. Any reference to photographs of individuals with actual or alleged ONJ other than Ms. Talley. However, to the extent that the parties seek to use as demonstrative exhibits any such photographs included in learned treatises under Fed. R. Evid. 803(18), this stipulation and agreed order shall not apply, but such party shall, before showing such photographs to the jury, approach the bench and seek a ruling from the Court as to whether such photographs may be shown.

cc. Any reference regarding jurors' personal experience with dental conditions or dental pain.

dd. Any reference to Dr. Parisian as "the" former chief medical officer within the FDA.

ee. Any reference to drug companies having an "incestuous" or other improper relationship with FDA.

ff. Any reference to alleged moral obligations of NPC.

gg. The parties shall not show photographs in closing argument of any persons who were not witnesses at trial. "Witnesses at trial" includes witnesses who testified by deposition at trial.

hh. The amount of money any expert has been paid for services rendered.

ii. Testimony by Plaintiff's sister Betty Lemons on certain subjects, i.e., speculation on what Plaintiff's doctors knew and regarding the Aredia® and Zometa® clinical trials, discussion of any research she conducted after Plaintiff had already stopped using Zometa®, and Ms. Lemons's opinions on the cause of her sister's alleged ONJ.

jj. January 18, 2004 Letter from Klein (ZA-0525027).

kk. Evidence regarding industrial applications of bisphosphonates.

ll. Evidence regarding regulatory enforcement / interactions between FDA and NPC on non-bisphosphonate drugs.

mm. Sales and marketing materials that were neither seen nor relied upon by Ms. Talley or her prescribing physician, Dr. Jonathan Levine.

It is hereby ORDERED that the parties not go into any of the areas described above and that they advise all witnesses that they must also comply with this ORDER.

Nothing in this Stipulation and Agreed Order precludes either party from raising additional evidentiary objections prior to or during the trial.

Signed: April 29, 2013

*[signature]*

Graham C. Mullen
United States District Judge

PRESENTED BY:

    /s/ Robert G. Germany
Robert G. Germany
(Admitted Pro Hac Vice)
(MS Bar No. 4800)
rgg@pgrwlaw.com
  PITTMAN, GERMANY, ROBERTS
  & WELSH, L.L.P.
  410 South President Street (39201)
  Jackson, MS 39205-2985
  (601) 948-6200
  Fax: (601) 948-6187

Lyn K. Broom
(State Bar No. 17674)
LKB@trslaw.com
  TEAGUE ROTENSTREICH

   STANALAND FOX & HOLT, PLLC
   101 South Elm Street, Suite 350
   Greensboro, NC 27401
   (336) 272-4810
   Fax: (336) 272-2448

E. Vernon F. Glenn
(State Bar No. 6634)
glennlaw@lowcountrylawyer.com
Jodi D. Hildebrand (State Bar No. 38239)
jhildebran@allmanspry.com
   ALLMAN SPRY LEGGETT
   & CRUMPLER, P.A.
   380 Knollwood Street / Suite 700
   Winston-Salem, NC 27103
   (336) 631-1420
   Fax: (336) 721-0414

*Attorneys for Plaintiff Marie Talley*


  /s/ Peter G. Pappas
Peter G. Pappas, N.C. State Bar No. 10464
PPappas@nexsenpruet.com
   NEXSEN PRUET, PLLC
   701 Green Valley Road, Suite 100
   Post Office Box 3463
   Greensboro, NC 27402
   Telephone: (336) 373-1600
   Facsimile: (336) 387-8924

Marguerite S. Willis, N.C. State Bar No. 8045
MWillis@nexsenpruet.com
Susan P. McWilliams
SMcWilliams@nexsenpruet.com
   NEXSEN PRUET, LLC
   1230 Main Street, Suite 700
   Columbia, SC 29201
   Post Office Drawer 2426 (29202)
   Telephone: (803) 771-8900

James A. O'Neal
(Admitted Pro Hac Vice)
JONeal@faegre.com
Amy R. Fiterman
(Admitted Pro Hac Vice)
AFiterman@faegre.com
Christine R. M. Kain
(Admitted Pro Hac Vice)

CKain@faegre.com
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 S. Seventh St.
Minneapolis, MN 55402

Katharine R. Latimer
(Admitted Pro Hac Vice)
klatimer@hollingsworthllp.com
George Brent Mickum IV
(Admitted Pro Hac Vice)
bmickum@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639

A*ttorneys for Defendant*
*Novartis Pharmaceuticals Corporation*